918 F.2d 187
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Philip D. BART.
 No. 90-1211.
 United States Court of Appeals, Federal Circuit.
 Oct. 17, 1990.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 This is an appeal from a reexamination proceeding involving U.S. Patent 4,349,987, entitled "Doll Which Rises From Prone To Standing Position," and issued to the appellant on Sept. 21, 1982, ("the Bart patent"). The Board of Patent Appeals and Interferences ("Board") found claims 1 and 16-18 to be anticipated under 35 U.S.C. Sec. 102(b) by French Patent 712,870. Because we do not believe that the French patent discloses the invention of the appealed claims, we reverse the Board's decision.
 
 OPINION
 
 2
 Bart filed his patent application on July 17, 1980. French Patent 712,870, issued to M. Heinrich Muller ("Muller") was published on Oct. 14, 1931. Muller is thus prior art to the Bart patent.
 
 
 3
 Muller describes a mechanical doll starting from a prone face-down position and rising to a standing position using its arms. In rising, the legs and torso in the Muller doll are not depicted in the drawings to form an angle that is less than ninety degrees; see Muller Fig. 10b. The rejected claims in the Bart patent also describe certain phases in the doll's rise from a prone face-down position, but specifically state that the relationship between the legs and torso upon rising is such that they are in an "inverted V-position." The Board and the patentee differ on the meaning of the term "inverted V-position" in the rejected claims.
 
 
 4
 The Board found that the claims lacked novelty on the basis that the French doll, in Figure 10b, appears with the legs and torso in an inverted V-position, and that that disclosure fully meets the Bart claims. The Board also noted that "[a]ppellant apparently agrees with this analysis and states on page 11 of the main brief that 'Muller discloses in Fig. 10b that the legs/torso coupling is an inverted V.' "
 
 
 5
 Bart, on the other hand, argues that neither Figure 10b in the French patent nor any of the other figures in the French patent describe a figure where the legs and torso are at an acute angle. Bart's specification is less than clear in indicating to which small-lettered figures in his drawings the capital-lettered portions of his claims refer. That lack of clarity makes it difficult for the reader to understand whether he is using the dictionary definition of a V as containing an acute angle, in which case the French patent doesn't anticipate his claims, or whether he is referring to figures involving an obtuse angle, an interpretation which is theoretically plausible, recognizing that a patentee can be his own lexicographer. There are both acute and obtuse angles in the Bart patent's drawings, to which the elements of his claims can refer.
 
 
 6
 We consider that the patentee intended that the expression "inverted V" have the usual meaning of the letter V, i.e., that it contain an acute angle. We understand the drawings and claims to mean that the reference to the inverted V in part B of claims 1, 16, and 17 corresponds to Figure 13d, where the pivot joint is elevated; the reference to the inverted V in part C of the claims must correspond to Figure 13e, where the second member is oriented generally vertically; and the reference in part D of the claims must refer to Figure 13f, where the first and second (leg and torso) members are generally aligned and vertical. The corresponding phrases of claim 18 are not labelled with the letters A-D, but they generally follow the arrangement of claims 1, 16, and 17, so our conclusions equally apply to claim 18. The term V thus refers to an acute angle.
 
 
 7
 This interpretation is consistent with the patent specification, which states at column 6, lines 47-57:
 
 
 8
 FIG. 13c shows further motion as the torso and legs approach the V-shape wherein the V is subtended by the generally horizontal support surface and torso continues to move in the clockwise direction of arrow 100. FIG. 13d continues the same. In FIG. 13e the center of gravity has tipped so that the entire doll has pivoted or tipped in a counterclockwise direction according to arrow 101 in FIG. 13d about foot 18 in that figure; accordingly the doll is now standing in FIG. 13e with its legs 15 erect and its torso 11 still in the V-shape. (Emphasis added).
 
 
 9
 The only figures indicated by this description to be in an inverted V-shape are 13d and 13e, with 13c approaching the V-shape. The PTO view would have the inverted V-shape refer also to Figures 13b and 13c. We consider this to be a strained reading of the Bart patent.
 
 
 10
 The Board did quote a statement the patentee made in his brief to the Board, from which it might be concluded that the patentee interpreted Figure 10b of Muller to describe an inverted V. In view of the normal connotation of the letter V, however, as well as the total disclosure of the patent, we decline to accept that brief inference as an admission that Muller Figure 10b anticipates the Bart claims.
 
 
 11
 Under the interpretation we have made, recognizing that we are reviewing a rejection under Section 102 for lack of novelty, rather than under Section 103 for obviousness, we conclude that the French reference does not describe the invention of claims 1 and 16-18, all of which contain the limitation of an inverted V position for the doll's arm and torso.
 
 
 12
 We note also, although the Board ignored this evidence, that the patentee presented a declaration of a Dr. Ernesto E. Blanco, whose affidavit states that he is skilled in the art of applied kinematics and general machine design, that "the mechanism in [the French patent] will not allow the angle subtended by the legs and torso to fall below 90 degrees," i.e., the French patent cannot and does not disclose or describe the Bart invention, thereby weakening the anticipatory effect of the French patent. It seems to us that this is competent evidence which supports appellant's position; it should have carried some weight in the Board's analysis of the French patent.
 
 
 13
 The PTO, in rejecting Claim 18, argued that the French patent discloses that the inverted V is subtended by a support surface. Since we have found that all the rejected claims, including claim 18, have the inverted V limitation, which we have not found in the cited reference, as a result of which we shall reverse the rejection of claims 1 and 16-18 for lack of novelty, there is no need for us to address the question whether the French patent discloses this additional element of claim 18.
 
 
 14
 We reverse the Board's affirmance of the examiner's rejection of claims 1 and 16-18 for lack of novelty under 35 U.S.C. Sec. 102(b).
 
 REVERSED